**FILED**

**APR 1 2 2011**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  EDELSON MCGUIRE LLP
2  SEAN REIS (SBN 184044)
   sreis@edelson.com
3  30021 Tomas Street, Suite 300
   Rancho Santa Margarita, CA 92688
4  Tel: (949) 459-2124
5
   EDELSON MCGUIRE LLC
6  JAY EDELSON*
   WILLIAM GRAY*
7  ARI J. SCHARG*
8  350 N. LaSalle Ave, Suite 1300
   Chicago, Illinois 60654
9  Tel: (312) 589-6370
   Fax: (312) 589-6378
10 * *Pro hac vice* admittance to be sought
11 *Attorneys for Plaintiff William Farrell*
12

**E-filing**                          DMR

13 **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA**

14 WILLIAM FARRELL, on his own behalf
15 and on behalf of all others similarly
   situated,
16

**CV 11          1785**

   CLASS ACTION COMPLAINT FOR:

17              Plaintiff,
18        v.
19 OPENTABLE, INC., a Delaware
20 corporation d/b/a OpenTable.com,
21              Defendants,
22
23
24
25
26
27
28

(1) VIOLATIONS OF THE CREDIT CARD
    ACCOUNTABILITY
    RESPONSIBILITY AND
    DISCLOSURE ACT AND THE
    ELECTRONIC FUNDS TRANSFER
    ACT, 15 U.S.C. §1693 *et seq.*;
(2) VIOLATION OF CALIFORNIA CIVIL
    CODE SECTION *et seq.*;
(3) VIOLATIONS OF CALIFORNIA'S
    UNFAIR COMPETITION LAW, CAL.
    BUS. & PROF.
    CODE § 17200;
(4) BREACH OF CONTRACT;
(5) RESTITUTION/UNJUST
    ENRICHMENT.

**DEMAND FOR JURY TRIAL**

Class Action Complaint

## CLASS ACTION COMPLAINT

Plaintiff William Farrell ("Plaintiff"), for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief based upon, *inter alia*, investigation conducted by his attorneys:

### Introduction

1.     Plaintiff's claims herein are based upon Defendant OpenTable, Inc.'s (d/b/a OpenTable) ("OpenTable") illegal practices related to online gift certificate sales.

2.     OpenTable is a company that sells, issues, and seeks to sell and issue, through its so-called "Spotlight Deals," gift certificates to consumers throughout the country. OpenTable claims to offer consumers benefits including exclusive offers and savings in the purchase of said gift certificates. Unfortunately, such benefits do not extend to complying with the law.

3.     In violation of California law, which is OpenTable's choice of law as stated on their website, www.opentable.com, in attempting to make sales of its gift certificates to the merchants, OpenTable knowingly and intentionally place expiration dates on its gift certificates in violation of California Civil Code Section 1749.5 ("California Gift Certificate Law"), the Credit Card Accountability Responsibility and Disclosure Act, PL 111-24, May 22, 2009 ("CARD Act") and the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.* (hereafter, except where otherwise noted, collectively referred to as the "CARD Act").

4.     In violation of California law, OpenTable knowingly and intentionally employs a business model designed to systematically deceive its customers by selling gift certificates ("certificates") that contain an expiration date. (*See* Cal. Civ. Code § 1749.5(a)(1) ("It is unlawful for any person or entity to sell a gift certificate to a purchaser that contains ... an expiration date"). Similarly, such expiration dates are also illegal under the CARD Act and EFTA.

5.     OpenTable's business model is specifically designed to encourage abuse by the companies that redeem the certificates ("merchants"), which is fostered by OpenTable's lack of

Class Action Complaint                                          2

1 | supervision as the issuer of the certificate. Indeed, when a merchant fails to honor the certificate
2 | or limits the way in which it will be honored, the consumer is pressured by OpenTable to
3 | acquiesce to onerous terms. OpenTable adds illegal expiration dates to their gift certificates that
4 | force their consumers into choosing between accepting the scam imposed on them or risk losing
5 | the entire value of their certificate.

6 | 6. Plaintiff brings this action on behalf of himself and a Class and Subclass of
7 | individuals seeking injunctive relief, damages, and reasonable costs and attorneys' fees for
8 | OpenTable's violations of California Gift Certificate Law, the CARD Act, California's Unfair
9 | Competition Law, breach of contract, unjust enrichment, and such other and further relief as the
10 | Court deems equitable and just.

11 |

**Nature of the Claim**

12 |
13 | 7. OpenTable offers its services to consumers throughout the nation.

14 | 8. OpenTable advertises itself as being able to negotiate "delicious deals" with
15 | merchants to reduce consumers' purchase prices.

16 | 9. OpenTable offers daily deals on gift certificates redeemable from hundreds, if not
17 | thousands, of merchants.

18 | 10. The consumer agrees to purchase the gift certificate for a specified amount of
19 | money, and is told that, despite being subjected to an illegal expiration date, refunds are granted
20 | at the sole discretion of OpenTable. (*See* Exhibit A, a true and accurate copy of Terms of Use).
21 | Consumers are then instructed to print out their certificate and take it to the respective merchants
22 | for redemption of goods and/or services. (*See* Exhibit B, a true and accurate copy of certificate
23 | issued by OpenTable).

24 | 11. The merchant, after being presented with a gift certificate by a consumer, verifies
25 | the certificate's validity. The certificate is then authenticated and marked as "used" so that it
26 | may not be duplicitously redeemed.

27 | 12. Opentable's imposition of illegal expiration dates on its consumers result in unjust
28 | gains for OpenTable to the detriment of the consumer. Specifically, in direct violation of

Class Action Complaint           3

1 | California's Gift Certificate Law and the CARD Act, OpenTable sells gift certificates that have
2 | an illegal and deceptive expiration period.

3 | **Parties**

4 | 13. **Plaintiff William Farrell:** Plaintiff is a resident of Boston, Massachusetts.
5 | Plaintiff purchased a gift certificate from OpenTable.

6 | 14. **Defendant OpenTable, Inc. d/b/a OpenTable:** OpenTable is an Internet seller
7 | of gift certificates. OpenTable is a Delaware corporation that is headquartered in San Francisco,
8 | California.

9 | **Jurisdiction and Venue**

10 | 15. This Court has subject matter jurisdiction over Plaintiff's claims arising under the
11 | laws of the United States pursuant to 28 U.S.C. § 1331, and, as to all other pendant state claims,
12 | pursuant to 28 U.S.C. § 1367.
13 |

14 | 16. This Court has personal jurisdiction over OpenTable because it maintains its
15 | corporate headquarters in this District and the improper conduct alleged in the Complaint
16 | occurred in, was directed and/or emanated from this District.

17 | 17. Venue is appropriate in this District for the adjudication of this controversy
18 | because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

19 | 18. Furthermore, OpenTable's Terms of Use state that all parties consent to the
20 | jurisdiction of the State of California, County of San Francisco. (Ex. A).

21 | **Intradistrict Assignment**

22 | 19. Pursuant to Civil Local Rule 3-2(e), this case shall be assigned to the San
23 | Francisco Division.

24 | **Facts Regarding Plaintiff**

25 | 20. On or about December 1, 2010, Plaintiff, after being e-mailed an advertisement
26 | from OpenTable, purchased a gift certificate from OpenTable that was redeemable at The
27 | Elephant Walk, a merchant located in Boston, Massachusetts. (Ex. B).

28 | 21. Under the terms of the contract, Plaintiff was required to pay OpenTable monies

Class Action Complaint                                    4

1 | in exchange for a gift certificate redeemable for $50.00 worth of goods and/or services at The

2 | Elephant Walk. (Ex. A).

3 |     22.    The gift certificate, in the "fine print section," states that the certificate expires on

4 | December 1, 2011.

5 |     23.    After making payment, OpenTable e-mailed Plaintiff a certificate to the Elephant

6 | Walk, which contained an illegal expiration date. (Ex. B).

7 |                             **Class Allegations: Plaintiff Class and Subclass**

8 |     24.    Plaintiff brings this action pursuant to Code of Civil Procedure § 382 on behalf of

9 | themselves and a Class and Subclass:

10 |         (a) **The Expiration Class:** All persons who contracted with OpenTable at any time

11 |             through the present for purchase of a gift certificate and received a gift certificate

12 |             that contained an expiration date.

13 |

14 |         (b) **The Unused Certificate Subclass:** All members of the Class who contracted

15 |             with OpenTable at any time through the present for purchase of a gift certificate

16 |             for use at one of the Merchants and received a gift certificate that contained an

17 |             expiration date and have not yet redeemed the certificate for goods and/or

18 |             services.

19 |     Excluded from the Class and Subclass are (i) any judge presiding over this action and

20 | members of their families; (ii) OpenTable, any Merchant, or their subsidiaries, parents,

21 | successors, predecessors, and any entity in which OpenTable, any Merchant or their parents have

22 | a controlling interest and their current or former employees, officers and directors; (iii) persons

23 | who properly execute and file a timely request for exclusion from the Class; and (iv) the legal

24 | representatives, successors or assigns of any such excluded persons.

25 |     25.    **Numerosity:** The exact number of Class members is unknown to Plaintiff at this

26 | time, but on information and belief, OpenTable has contracted with thousands of Class members

27 | throughout the country, making joinder of each individual member impracticable. Ultimately,

28 | the Class and Subclass members will be easily identified through OpenTable's records.

Class Action Complaint                5

26.     **Commonality and Predominance:** Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual members.

>   (a) Whether OpenTable sold "gift certificates," as that term is defined under 15 U.S.C. 1693*l*-1(a)(2)(A) and/or California Civil Code Section 1749.6 (a) to members of the Class and Subclass containing an expiration date in direct violation of Federal and/or California law;
>
>   (b) whether OpenTable's practices violate Federal and/or California law;
>
>   (c) whether OpenTable's practices violate the public policy of the State of California;
>
>   (d) whether OpenTable was unjustly enriched as a result of receiving payments from Plaintiff, the Class, and Subclass; and
>
>   (e) whether Plaintiff, the Class, and Subclass are entitled to relief, and the nature of relief.

27.     **Typicality:** Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff, the Class, and Subclass sustained damages as a result of OpenTable's uniform wrongful conduct during transactions with Plaintiff, the Class, and Subclass.

28.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interest of the Class and Subclass, and has retained counsel competence and experience in complex litigation and class actions. Plaintiff has no interest antagonistic to those of the Class or Subclass, and OpenTable has no defenses unique to Plaintiff.

29.     **Appropriateness:** The class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class and Subclass is impracticable. The damages suffered by the individual members of the Class and Subclass will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by OpenTable's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class and Subclass to obtain effective relief from OpenTable's

Class Action Complaint                                                6

1 misconduct. Even if members of the Class and Subclass could sustain such individual litigation,
2 it would not be preferable to a class action because individual litigation would increase the delay
3 and expenses to all parties due to the complex legal and factual controversies presented in this
4 Complaint. By contrast, a class action presents far fewer management difficulties and provides
5 the benefits of single adjudication, economy of scale, and comprehensive, supervision, by a
6 single court. Economies of time, effort, and expense will be fostered and uniformity of decisions
7 will be ensured.

8    30.    **Policies Generally Applicable to the Class:** This class action is also appropriate
9 for certification because OpenTable has acted or refused to act on grounds generally applicable
10 to the Class and Subclass, thereby requiring the Court's imposition of uniform relief to ensure
11 compatible standards of conduct toward the members of the Class and Subclass, and making
12 final injunctive relief appropriate with respect to the Class and Subclass as a whole.
13 OpenTable's policies challenged herein apply and affect members of the Class and Subclass
14 uniformly and Plaintiff's challenge of these policies hinges on OpenTable's conduct with respect
15 to the Class and Subclass as a whole, not on facts or law applicable only to Plaintiff.
16

17    31.    Plaintiff reserves the right to revise the Class and Subclass definitions based upon
18 information learned through discovery.

19 **Count I: Violations of the Credit Card Accountability Responsibility and Disclosure Act**
**and Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq*.**
20 **(On behalf of Plaintiff, the Class, and Subclass)**

21    32.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

22    33.    The CARD Act, which amended EFTA, prohibits the sale or issuance of
23 certificates that contain a period of expiry of less than five (5) years.

24    34.    The certificated that OpenTable sold to Plaintiff, the Class and Subclass are "gift
25 certificates" as defined by the CARD Act, because they are: (i) redeemable at a single merchant
26 or an affiliated group of merchants that share the same name, mark, or logo; (ii) issued in a
27 specified amount that may not be increased or reloaded; (iii) purchased on a prepaid basis in
28

Class Action Complaint                                    7

1  exchange for payment; and (iv) honored upon presentation by such single merchant or affiliated

2  group of merchants for goods or service.

3    35.    OpenTable violated the CARD Act by selling gift certificates that contain

4  expiration dates of less than five (5) years to Plaintiff, the Class, and Subclass.

5    36.    OpenTable issues such gift certificates electronically.

6    37.    By including the prohibited expiration date on the gift certificates it sells,

7  OpenTable violates the CARD Act to the detriment of Plaintiff, the Class, and Subclass.

8    38.    As a proximate and direct result of OpenTable's violations of the Card Act as

9  described herein, Plaintiff, the Class, and Subclass have suffered actual damages.

10

11
**Count II: Violation of California Civil Code Section 1749 *et seq*.
(On Behalf of Plaintiff, the Class, and Subclass)**

12    39.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

13    40.    OpenTable illegally sells and collects monies from the Plaintiff, the Class and the

14  Subclass for gift certificates that unlawfully contain expiration dates.

15    41.    By including the prohibited expiration date in the gift certificates they sell,

16  OpenTable violates Cal. Civ. Code § 1749.5(a)(1) to the detriment of Plaintiff, the Class, and

17  Subclass.

18    42.    As a result of OpenTable's violations of Cal. Civ. Code § 1749.5(a)(1) as

19  described herein, Plaintiff, the Class, and Subclass have suffered actual damages.

20

21

22
**Count III: Violation of California's Unfair Competition Law
Cal. Bus. & Prof. Code §§ 17200, *et seq*.
(On Behalf of Plaintiff and the Class)**

23    43.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

24    44.    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§

25  17200, *et seq*., protects both consumers and competitors by promoting fair competition in

26  commercial markets for goods and services.

27    45.    The UCL prohibits any unlawful, unfair or fraudulent business act or practice. A

28

Class Action Complaint                                    8

1  business practice need only meet one of the three criteria to be considered unfair competition.

2  An unlawful business practice is anything that can properly be called a business practice and that

3  at the same time is forbidden by law.

4  46.     OpenTable has violated the unfair prong of the UCL in that, as described above, it

5  issued and sold gift certificates with illegal and/or deceptive expiration periods. OpenTable

6  continues to profit from its unfair acts.

7  47.     OpenTable has violated the unlawful prong of the UCL in that Defendant's

8  conduct violates, as discussed above, the CARD Act and EFTA and the California Gift

9  Certificate Law.

10  48.     OpenTable's actions caused and continue to cause substantial injury to Plaintiff,

11  the Class, and Subclass. Plaintiff, the Class, and Subclass have lost monies as a result of

12  OpenTable's actions.

13  49.     Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order of this Court

14  permanently enjoining OpenTable from continuing to engage in the unfair and unlawful conduct

15  described herein. Plaintiff seeks an order requiring Defendant to (1) immediately cease the

16  unlawful practices stated in this Complaint, and (2) pay attorney's fees and costs pursuant to Cal.

17  Code Civ. Proc. § 1021.5.

18

19  **Count IV: Breach of Contract**
**(On behalf of Plaintiff, the Class, and Subclass)**

20

21  50.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

22  51.     Plaintiff and members of the Class and Subclass entered into agreements with

23  OpenTable whereby OpenTable agreed to sell and Plaintiff agreed to buy gift certificates to a

24  merchant.

25  52.     OpenTable expressly and/or impliedly agreed to provide Plaintiff, the Class, and

26  Subclass a product without an expiration date. At no time prior to or after purchase, did

27  Defendant require Plaintiff to "click" to signify acquiescence to an expiration date, illegal or

28

Class Action Complaint                                              9

1  otherwise.

2      53.    OpenTable further expressly and/or impliedly agreed to carry out its obligations

3  in good faith and fair dealing.  OpenTable breached its contractual obligations by providing

4  Plaintiff and the Class and Subclass with additional and illegal terms containing an expiration

5  date.

6      54.    OpenTable further breached its contractual obligations, including its contractual

7  obligation of good faith and fair dealing, by knowingly adding the illegal expiration dates despite

8  knowledge that its post-contractual terms were in violation of Federal and California law.

9      55.    Plaintiff and the Class and Subclass have performed their obligations under the

10  contracts.  The aforementioned breaches of contract have proximately caused Plaintiff, the Class,

11  and subclass economic injury and other damages.

12

13                     **Count V: Restitution/Unjust Enrichment**
                    **(On behalf of Plaintiff, the Class, and Subclass)**

14      56.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

15      57.    OpenTable has knowingly received and retained benefits from Plaintiff, the Class,

16  and Subclass under circumstances that would render it unjust to allow OpenTable to retain such

17  benefits.

18      58.    By requiring Plaintiff, the Class, and Subclass to pay upfront monies and then

19  adding additional terms, OpenTable knowingly received and appreciated benefits at the expense

20  and to the detriment of Plaintiff, the Class, and Subclass.

21

22      59.    OpenTable's receipt of monies from Plaintiff, the Class, and Subclass, allowed

23  them to utilize those monies for its own purposes, without expending resources to perform its

24  obligations under the contract.

25      60.    OpenTable appreciates and/or has knowledge of that benefit.

26      61.    Under principles of equity and good conscience, OpenTable should not be

27  permitted to retain the monies belonging to Plaintiff, the Class, and Subclass that were paid in

28  the form of payment for gift certificates, and that OpenTable unjustly received as a result of its

Class Action Complaint                                    10

1   misconduct alleged herein.

2                                    **Prayer for Relief**

3          WHEREFORE, Plaintiff William Farrell, on his own behalf and on behalf of the Class

4   and Subclass, prays that the Court enter an order and judgment in his favor and against

5   OpenTable as follows:

6          (a) Certifying this case as a class action;

7          (b) Designating Plaintiff as Class Representative and his attorneys as Class Counsel;

8          (c) Granting such injunctive relief that is necessary to protect the Plaintiff, the Class,

9              and the Subclass;

10         (d) Granting equitable and injunctive relief to Plaintiff and the Class for Count V,

11             including restitution, disgorgement, and an accounting of all revenue gained by

12             OpenTable through their unlawful conduct alleged herein;

13         (e) Awarding Plaintiff, the Class, and the Subclass actual damages;

14         (f) Awarding Plaintiff, the Class, and the Subclass statutory damages;

15         (g) Awarding Plaintiff, the Class, and the Subclass reasonable costs and attorneys'

16             fees;

17         (h) Awarding Plaintiff, the Class, and the Subclass pre- and post-judgment interest;

18             and

19         (i) Granting such other and further relief as the Court deems equitable and just.

20                              **DEMAND FOR JURY TRIAL**

21         Plaintiff requests trial by jury of all matters that can be so tried.

22

23

24

25

26

27

28

Class Action Complaint                              11

1

2   Dated: April 12, 2011                    **William Farrell**, individually
                                             and on behalf of all others similarly
3                                            situated,

4
                                       By: _____/s/ Sean Reis_____
5                                               One of his attorneys

6

7   Sean Reis (SBN 184044)
    EDELSON MCGUIRE LLP
8   sreis@edelson.com
    30021 Tomas Street, Suite 300
9   Rancho Santa Margarita, CA 92688
10  Telephone: (949) 459-2124

11  Jay Edelson*
    William C. Gray*
12  Ari J. Scharg*
13  EDELSON MCGUIRE LLC
    350 N. LaSalle Ave
14  Suite 1300
    Chicago, Illinois 60654
15  Tel: (312) 589-6370
16  Fax: (312) 589-6378

17  * *Pro hac vice* admittance to be sought

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

 **OpenTable**  Restaurant Reservations - Free • Instant • Confirmed

**Chicago**                    Today's Spotlight                    Recent Deals

# Acceptance of Terms

### Promotional Vouchers

The following terms and conditions in addition to the OpenTable User Agreement and the OpenTable Privacy Policy (collectively, "OpenTable Policies") govern the purchase of any promotional voucher from the OpenTable Site (hereinafter "Voucher"). BY PURCHASING A VOUCHER YOU ("YOU" OR "USER") KNOWINGLY ACCEPT AND ACKNOWLEDGE OPENTABLE POLICIES. IF YOU DO NOT AGREE TO THE OPENTABLE POLICIES, PLEASE DO NOT PURCHASE ANY VOUCHERS.

OpenTable shall provide Users with the opportunity to purchase Vouchers from certain Restaurants. All Vouchers obtained from the OpenTable Site are Vouchers that may be purchased from participating Restaurants through OpenTable to be used in exchange for services at a discount from their actual cost.

1. By placing an order for a Voucher from a Restaurant through OpenTable, you make an offer to purchase the Vouchers you have selected and you agree to the OpenTable Policies and fine print listed within the Voucher offer. You are required to create an account and become a Registered User of OpenTable in order to purchase any Voucher. This is required so we can provide you with easy access to print your orders, view your past purchases, modify your preferences, and to ensure permissible use of the Voucher.

2. The following shall be applicable to all Vouchers sold through OpenTable:

• Use of Vouchers for alcoholic beverages is at the sole discretion of the Restaurant and is subject to compliance with applicable law. All purchases of Vouchers may have statutory limitations on the amount of the Voucher value that can be redeemed for alcoholic beverages. Compliance with state statutes or codes is the responsibility of the Restaurant. OpenTable's sole role in the transaction is as a marketing agent for the Restaurant and the applicability and compliance with any relevant statute or code is solely determined and consummated by the Restaurant, and OpenTable has no role in such determination or action on the part of the Restaurant.
• Vouchers cannot be combined with any other restaurant vouchers, third party certificates, coupons, or promotions, unless otherwise permitted by Restaurant.
• Vouchers cannot be used for taxes, tips or prior balances, unless permitted by the Restaurant.
• Vouchers are redeemable in their entirety and on a one time basis only and may not be redeemed incrementally. The issuing of restaurant credit is at the sole discretion of the Restaurant and Vouchers have no cash value unless otherwise required by applicable law.
• Neither OpenTable nor the Restaurant is responsible for lost or stolen Vouchers or Voucher reference numbers.
• Reproduction, sale or trade of a Voucher is prohibited unless done so in compliance with applicable law.
• Any attempted redemption not consistent with these terms & conditions will render the Voucher void.
• Void to the extent prohibited by law.

3. The Voucher you purchase through OpenTable is redeemable for services by the Restaurant. The Restaurant, not OpenTable, is the seller of the Voucher and the services and is solely responsible for redeeming any Voucher you purchase. The Restaurant shall be fully responsible for any and all injuries, illnesses, damages, claims, liabilities and costs suffered by or in respect of a customer, caused in whole or in part by the Restaurant, as well as for any unclaimed property liability arising from unredeemed Vouchers or portions thereof. You waive, and release OpenTable and its officers, directors, employees and agents from, any claim, liabilities, damages, or injury arising from or related to any act or omission of Restaurant in connection with a Voucher or the services provided in connection therewith and/or as it relates to compliance with applicable unclaimed property and other laws relating to the redemption of the Vouchers or any portion thereof.

4. While the expiration date on the Voucher dictates the last date that you can use your Voucher at the Restaurant for the promotional offer stated on the Voucher, applicable law may provide that the Restaurant is responsible for redeeming or honoring the cash value that you paid for your Voucher for a period of time beyond the expiration date stated on the Voucher. If a Restaurant has refused to redeem the cash value of an expired Voucher or to redeem the Voucher for the promotional offer stated on the Voucher then please contact OpenTable in writing and OpenTable may, at its sole discretion or if applicable law requires, refund the purchase price of the Voucher in either U.S. Dollars or credit for purchases of future Vouchers from OpenTable.

back to top

# EXHIBIT B



**RECIPIENT: William Farrell**

# The Elephant Walk

$25 for $50 of Elegant
Cambodian and French
Cuisine at the Elephant Walk
(3 Locations)

EXPIRES: 12/01/2011

$50

# 1202182-IVR-810J

Present this Spotlight certificate at the start of your meal so the restaurant can apply the discount to your bill.

For help regarding this certificate, please call (800) 673-6822

## Details

Valid at all 3 locations - Boston, Cambridge, and Waltham.
Tax and 18% gratuity will be added to the final bill.
Expires in 1 year – December 1, 2011.

As with all Spotlight deals:
Limit 1 certificate per party per visit.
Only valid for parties of 2 or more.
Not valid with any other offers.
Dine-In only.
No cash value or cash back.
Entire amount must be used in 1 visit.
Tax and gratuity are not included. Please tip your server as you would on the full price of the meal. (Exception noted above.)

\*\*\*SPOTLIGHTS DELIGHT! GIFT THIS DEAL TODAY.\*\*\*

CUT OR TEAR



**The Elephant Walk**
900 Beacon Street
Boston, Massachusetts 02215
http://www.opentable.com/the-elephant-walk-boston
Phone: (617) 247-1500

