IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM FARRELL, individually and on behalf of all others similarly situated,

Plaintiff,

v.

OPENTABLE, INC., a Delaware corporation, d/b/a/ OpenTable.com,

Defendant.
_____/

No. C 11-1785 SI

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARD**

On January 20, 2012, the Court held a hearing on plaintiff's motion for final approval of the class action settlement, as well as plaintiff's motion for award of attorneys' fees and expenses and incentive award. The Court has reviewed all of the papers, as well as the three objections[1] and the parties' responses thereto. For the following reasons, the Court GRANTS final approval to the settlement and GRANTS plaintiff's motion for attorneys' fees and expenses and incentive award. Docket Nos. 30 and 33.

**BACKGROUND**

On April 12, 2011, plaintiff filed this putative class action. The complaint alleges that OpenTable's Spotlight deal tickets are gift certificates, and that tickets contain expiration dates that

---

[1] Objector Fred Sondheimer, through his attorney Lawrence Schonbrun, had requested to appear by telephone at the January 20, 2012 hearing. The Court inadvertently did not connect Mr. Schonbrun so that he could appear at the hearing by telephone. After the hearing, the Court issued an order permitting Mr. Sondheimer to file supplemental written objections by 5 pm on January 27, 2012. Mr. Sondheimer did not file any further objections.

violate various laws regulating gift certificates. Spotlight allows diners to purchase food and beverages at select restaurants at a discount. The complaint alleges claims for (1) violations of Title IV of the Credit Card Accountability Responsibility and Disclosure Act ("CARD Act") as it is incorporated into the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, (2) violations of California's gift certificate statute, Cal. Civ. Code § 1749 *et seq.*, (3) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, (4) breach of contract, and (5) unjust enrichment/restitution.

Following the filing of the complaint, the parties engaged in mediation on May 23, 2011, which was presided over by Barbara Reeves Neal of JAMS. Docket No. 33-2 ¶¶ 7-13. Following these negotiations, the parties came to an agreement regarding the principal terms of the settlement, and these terms were then incorporated into a Settlement Agreement and Release, which was executed on August 16, 2011. After the parties reached an agreement regarding class relief, they engaged in negotiations regarding attorneys' fees and costs, and the class representative's incentive award. *Id.* ¶ 12.

On September 16, 2011, plaintiff filed a motion for preliminary approval and class certification. In an order filed September 27, 2011, the Court granted preliminary approval of the settlement. The September 27, 2011 order conditionally certified a settlement class consisting of:

> All Persons residing in the United States of America who purchased a Spotlight Deal or otherwise received an OpenTable Ticket for a Spotlight Deal prior to the Date of this Order.

Docket No. 29 at 4:4-6.

The settlement permits class members to use the purchase price of any Spotlight deal for five years from the date of purchase or the time allowed for expiration of gift certificates in the state of the restaurant's location, whichever is greater (the "Redemption Period"), regardless of the stated expiration date. Class members are also given the option of making a refund request for the deal's purchase price. Plaintiff has submitted the declaration of Donald L. Frankenfeld, a forensic economist. Based upon his review of, *inter alia*, data related to the overall number of vouchers sold by OpenTable, the outstanding balances held by holders of the vouchers, and the redemption value of the vouchers, Mr. Frankenfeld determined that approximately 122,000 Spotlight tickets sold to consumers have expired or would have expired in the very near future, and concludes that "a reasonable estimate of the total value of previously expired vouchers now resuscitated for OpenTable's customers is $3,014,000." Docket No. 30-16 ¶¶ 12-

13.

Under the settlement, OpenTable has also agreed to change its future practices regarding the issuance of Spotlight deal tickets so that the purchase price for all future tickets will be redeemable for the Redemption Period. In addition, OpenTable will instruct each restaurant that they are prohibited from imposing post-contractual charges or fees as a condition of allowing redemption of OpenTable tickets. If a restaurant improperly refuses to honor the purchase price of a Spotlight deal before expiration under the applicable gift certificate law, the class member may request a refund from OpenTable. OpenTable also agreed to change its practices regarding how customers are informed of and consent to the Spotlight deal terms of sale.

Finally, the settlement provides that OpenTable will pay all settlement administration expenses, an incentive award to the named plaintiff of up to $1,600, and attorneys' fees for plaintiff's counsel up to $425,000.

The September 27, 2011 preliminary approval order also approved the proposed forms of notice to class members and the notice plan. In compliance with the preliminary approval order, notice was sent to over 198,000 class members via e-mail at the e-mail addresses contained in OpenTable's records. In addition, defendant created a website, www.farrellsettlement.com, which provides a link to view the settlement agreement and plaintiff's motion for attorneys' fees and expenses and incentive award. Docket No. 37-2 ¶¶ 2-3. OpenTable also fulfilled its obligation under the Class Action Fairness Act by providing notice of the settlement to the required government agencies.

As of December 15, 2011, the settlement administrator received two documents styled as objections and thirteen timely exclusion requests. Docket No. 33 ¶¶ 6-7. An additional objection was filed by Fred Sondheimer, represented by attorney Laurence Schonbrun, through the Court's electronic filing system. Docket No. 31.

## DISCUSSION

Now before the Court is plaintiff's motion for final approval of the class settlement, and plaintiff's motion for attorneys' fees, expenses and incentive payment. The Court finds that defendant provided notice in compliance with Paragraph 3.3 of the settlement agreement, and that notice satisfied

3

due process and Federal Rule of Civil Procedure 23(e). The notice (1) fully and accurately informed class members about the lawsuit and settlement, (2) provided sufficient information so that class members were able to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement, (3) provided procedures for class members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement, and (4) provided the time, date and place of the final fairness hearing.

The Court also finds that the proposed settlement is fair, reasonable and adequate. The Court, pursuant to *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011), has examined the settlement for collusion and finds that the settlement appears to be the product of serious, informed, non-collusive negotiations. The settlement was negotiated at arms-length by experienced counsel who did not put their interests ahead of the class, as shown by, *inter alia*, the declaration of the mediator attesting to the non-collusive nature of the negotiations and the fact that the agreement was signed before attorneys' fees were negotiated.

The Court also finds that the proposed settlement provides the class a similar recovery to that which it could have achieved if plaintiff was successful on the merits. As an initial matter, plaintiff would need to demonstrate, among other things, that the tickets for OpenTable's Spotlight deals are subject to the laws governing gift certificates, and that the deal tickets contained expiration dates that violated the CARD Act or California Civil Code § 1749.5. The law in this area is developing and unsettled, and the Court finds that plaintiff faced a number of risks in litigating this case. If this case were litigated and plaintiff prevailed, the parties agree that the relief available to class members under the best case scenario given the class size is a maximum of $500,000 in statutory damages under the CARD Act, 15 U.S.C. § 1693m(a)(2)(B)(ii), and, for persons who could not redeem or obtain a refund for their tickets, the amount paid for the Spotlight deal tickets. Accordingly, the relief provided by the settlement – allowing class members to use the purchase price of any Spotlight deal for the Redemption Period, and the prospective change in practice – is comparable to the relief that could be achieved if plaintiff prevailed after litigation.

The Court has considered the documents styled as objections submitted by Mr. Parisi and Ms. Molloy. Both individuals object to merits of the lawsuit, with Mr. Parisi stating that the OpenTable

"coupon" was "very fair and reasonable" and that "OpenTable made it well known to me before and after purchasing the coupon that it expires in one year from purchase," and Ms. Molloy stating that "the expiration date is clearly displayed on the deal and if you don't like it don't buy it." Neither individual objects to the terms of the proposed settlement, and thus neither objection precludes final approval.

The Court has also considered the objection filed by Fred Sondheimer. Mr. Sondheimer objects that the settlement provides a disproportionate distribution to portions of the class and the named plaintiff because plaintiff has "abandoned" all claims for monetary damages. Specifically, Mr. Sondheimer objects that the settlement provides no relief to class members like himself who were able to redeem their Spotlight tickets. The Court finds that these objections lack merit. The settlement provides significant monetary relief in the form of reviving Spotlight tickets that otherwise would have expired, and the Ninth Circuit has held that it is permissible to award different relief to class members based upon objective differences in the positions of the class members. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 461 (9th Cir. 2000) (approving a settlement methodology where class members received different relief, including a large portion who received no monetary recovery). Further, Mr. Sondheimer's objection ignores the fact that all class members will benefit from OpenTable's agreement to change its future practices regarding the issuance of Spotlight deal tickets so that the purchase price for all future tickets will be redeemable for the Redemption Period.

Mr. Sondheimer also raises a number of objections to the notice. The Court has carefully considered all of these objections and finds that they lack merit, and that the notice complied with both the terms of the settlement agreement and the requirements of due process. Finally, Mr. Sondheimer asserts that OpenTable's agreement not to oppose plaintiff's request for attorneys' fees up to $425,000 indicates that the settlement is unfair, and he suggests that the settlement is collusive. The Court disagrees and finds no support in the record for Mr. Sondheimer's claim of collusion. The declaration of the mediator establishes that the parties reached an agreement on all relevant terms of the settlement before negotiating attorneys' fees, and that the negotiations were hard-fought and at arms-length.

As such, the Court finds the settlement appropriate for final approval under Federal Rule of Civil Procedure 23(e).

Plaintiff's counsel also seeks an award of $425,000 for attorneys' fees and expenses. The Court

5

has reviewed plaintiff's motion and supporting declarations, and finds that the requested amounts are reasonable under the circumstances of this case, the risk involved in the litigation, and the exceptional result achieved for the class in the settlement. *See generally Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Plaintiff's counsel also seeks an incentive payment of $1,600 for the named plaintiff. The Court finds that this amount is fair and reasonable in light of plaintiff's risks in commencing this action as the class representative and the time and effort spent by Mr. Farrell in litigating this action. *See* Docket No. 30-20 (Declaration of William Farrell discussing time spent on case).

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1. <u>Settlement class members</u>. As was preliminarily approved by this Court, it is affirmed that the class members are defined as "All Persons residing in the United States of America who purchased a Spotlight Deal or otherwise received an OpenTable Ticket for a Spotlight Deal prior to September 27, 2011.

2. <u>Binding effect of order</u>. This order applies to all claims or causes of action settled under the Agreement, and binds all settlement class members including those who did not properly request exclusion under Paragraph 5 of the Preliminary Approval of Class Settlement and Class Certification Order. This order does not bind persons who filed timely and valid requests for exclusion. Attached as Exhibit A is a list of persons who properly requested to be excluded from the settlement.

3. <u>Objections</u>. All objections to this Agreement are overruled.

4. <u>Release</u>. Plaintiff and all settlement class members who did not properly request exclusion are: (1) deemed to have released and discharged the Released Parties (as that term is defined in the Agreement) from all Released Claims including Unknown Claims, (as those terms are defined in the Agreement); and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, the Released Claims, including Unknown Claims.

5. <u>Attorneys' fees and costs</u>. Class counsel are awarded $425,000. Defendant must pay class counsel this amount according to the manner and timeline set forth in Paragraph 6.2 of the Agreement.

6. <u>Incentive award</u>. Plaintiff William Farrell is awarded $1,600 as an incentive award.

Defendant must pay plaintiff this amount according to the timeline set forth in Paragraph 6.4 of the Agreement.

7. <u>Court's jurisdiction</u>. Pursuant to this Agreement, absent the timely filing of an appeal pursuant to Federal Rule of Appellate Procedure 4 or a motion for reconsideration, the Final Settlement Date is thirty days after entry of this order, but the Court will retain jurisdiction over this action and the parties until final performance of the Agreement.

**IT IS SO ORDERED.**

Dated: January 30, 2012

_____
SUSAN ILLSTON
United States District Judge

Exhibit A

| NME | NAME | Address_1 | Address_2 | City | State | Zip_1 |
|---|---|---|---|---|---|---|
| 3 | ALAMON, KRISTOFFER | ███ | | ███ | ██ | ██ |
| 5 | BERTHOUD, ELIZABETH | ███ | ██ | ███ | ██ | ██ |
| 6 | BRINKERHOFF, JAMES | ███ | | ███ | ██ | ██ |
| 1193577 | DIAMBROSIO, PHYLLIS | ███ | | ███ | ██ | ██ |
| 2 | FAGA, MARK | ███ | ██ | ███ | ██ | ██ |
| 1019896 | GOSSETT, JOSCELYN T | ███ | ██ | ███ | ██ | ██ |
| 1071854 | MANNION, KATHRYN | ███ | ██ | ███ | ██ | ██ |
| 1089674 | NELSON, DANIEL M | ███ | | ███ | ██ | ██ |
| 9 | POUND, JOHN | ███ | | ███ | ██ | ██ |
| 11 | WANG, MELANIE | ███ | ██ | ███ | | ██ |
| 4 | WILLIAMS, CHARYS SCO | ███ | | ███ | ██ | ██ |
| 8 | WILSON, AMANDA | ███ | ██ | ███ | ██ | ██ |
| 7 | YAMADA, MICHELLE | ███ | ██ | ███ | ██ | ██ |